FILED
United States Court of Appeals
Tenth Circuit

May 23, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MYOUN L. SAWYER,

     Petitioner - Appellant,

v.

THOMAS KINLEN,

     Respondent - Appellee.

No. 17-3007
(D.C. No. 5:16-CV-03036-SAC)
(D. Kan.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.

Petitioner-Appellant Myoun Sawyer, a civilly-committed inmate appearing pro se, seeks to appeal from the district court's dismissal of his habeas petition. Sawyer v. Kinlen, No. 5:16-cv-03036-SAC (D. Kan. Jan. 4, 2017) (unpublished); see also 1 R. 30. Our jurisdiction arises under 28 U.S.C. §§ 1291 and 2253(a), and we deny a certificate of appealability ("COA") and dismiss the appeal.

Mr. Sawyer has been in and out of prison since 1991 for either pleading guilty to or being convicted of attempted aggravated sexual battery, aggravated battery, domestic battery, eight counts of lewd and lascivious behavior, and criminal threat. In re Care & Treatment of Sawyer, No. 107,269, 2013 WL 5870034, at *1 (Kan. Ct. App. Oct. 25, 2013) (unpublished). A trial was held to

determine whether Mr. Sawyer qualified as a sexually violent predator ("SVP"), a person who "ha[s] a mental abnormality or personality disorder and [is] likely to engage in repeat acts of sexual violence if not treated for [his] mental abnormality or personality disorder." Kan. Stat. Ann. § 59-29a01. The Kansas Court of Appeals agreed with the trial court that there was overwhelming evidence that Mr. Sawyer was an SVP. In re Care & Treatment of Sawyer, 2013 WL 5870034, at *6.

On February 5, 2016, Mr. Sawyer filed his § 2254 petition, in which he asserted that his SVP trial was not timely held under Kan. Stat. Ann. § 59-29a06(a). 1 R. 7. The district court dismissed the petition because this argument was not made before the state court and was therefore procedurally defaulted as unexhausted. Id. at 31. Mr. Sawyer's contention that ineffective assistance of counsel caused the procedural default was unavailing because it too was unexhausted. Id. at 32.

To receive a COA, Mr. Sawyer must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 327 (2003). Because the district court dismissed the petition on a procedural ground, Mr. Sawyer must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The district court's decision is not reasonably debatable. Neither the

timeliness argument nor the ineffective assistance of counsel argument was made before the state court.  Therefore, the district court could not address the merits of Mr. Sawyer's claims.  28 U.S.C. § 2254(b)(1)(A); see also Edwards v. Carpenter, 529 U.S. 446, 453 (2000); Coleman v. Thompson, 501 U.S. 722, 731 (1991). Furthermore, Mr. Sawyer has not demonstrated that "denying review would result in a fundamental miscarriage of justice" because he has not alleged actual innocence.  Frost v. Pryor, 749 F.3d 1212, 1231 (10th Cir. 2014).

We DENY a COA, DENY IFP, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge